# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED DOMINION REALTY TRUST, INC.,**

      **Plaintiff,**

v.                                                    **Case No.  8:06-cv-1189-T-30TGW**

**FREDERICK FELLNER and ALMA FELLNER , et al.,**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant/ Counter-Plaintiffs' Motion for Remand (Dkt. 7) and Plaintiff/Counter-Defendant's response in opposition to the same (Dkt. 6).[1] Pursuant to 28 U.S.C. § 1446(b), Plaintiff/Counter-Defendant had thirty (30) days from the time it received notice through receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. See 28 U.S.C. § 1446(b) (2005). The only exception to the thirty day requirement is when the district court has exclusive jurisdiction; in those cases, the timeliness of the removal is irrelevant. See Barefield v. State Farm and Cas. Co., 296 F. Supp. 2d 741, 744 (S.D. Tex. 2003). Such is not the case here. While Defendant's counterclaim does allege violations

---

[1] Counter-Plaintiffs have also filed a Motion for Default (Dkt. 8). However, in light of this Court remanding the instant case back to state court, Counter-Plaintiffs' Motion is **denied as moot**. Whether a default judgment is appropriate is an issue for the state court judge to decide.

of the Fair Housing Act (hereinafter "FHA"), this Court does not have exclusive jurisdiction over suits brought under the FHA. <u>See</u> 42 U.S.C. § 3615 (2006).  As such, Plaintiff/Counter-Defendant's Notice of Removal is untimely.[2]

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant/Counter-Plaintiffs' Motion for Default (Dkt. 8) is **DENIED AS MOOT**.

2.     Defendant/ Counter-Plaintiffs' Motion for Remand (Dkt. 7) is **GRANTED**.

3.     The Clerk is directed to **remand** this case to the County Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and close this case.

4.     The Clerk is also directed to forward a certified copy of this Order to that Court.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2006\06-cv-1189 Motion for Remand.wpd

---

[2]  Plaintiff/Counter-Defendant has provided no support for its argument that because an agreement existed between the parties to extend the time in which Plaintiff/Counter-Defendant had to respond to Defendant/Counter-Plaintiff's Counterclaim that an extension beyond the statutory thirty days was given for Plaintiff/Counter-Defendant to file a notice of removal.